NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>GUEORGUI H. PANTCHEV,<br><br>Defendant-Appellant. | No.   22-50246<br><br>D.C. No.<br>2:21-cr-00050-JFW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted May 6, 2024[**]
Pasadena, California

Before:  FORREST and BUMATAY, Circuit Judges, and DONATO,[***] District Judge.

In July 2022, a jury found Defendant Gueorgui Pantchev guilty of four counts of stalking in violation of 18 U.S.C. §§ 2261A(2)(B), 2261(b)(5).  Pantchev appeals

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

his conviction and challenges the district court's decision finding him competent to stand trial. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Competency is a finding of fact reviewed for clear error. *See United States v. Frank*, 956 F.2d 872, 874 (9th Cir. 1991). We take the evidence in the light most favorable to the prosecution. *Id.* The parties are familiar with the facts of this case, so we do not reproduce them here.

Pantchev argues that the district court erred by finding he had capacity "to assist properly in his defense," 18 U.S.C. § 4241(d), because it failed to consider his irrational behavior during hearings. He contends that his in-court statements evidenced his paranoia and demonstrated his irrationality by contradicting his claimed objective—being found competent.

While there is evidence in the record of disruptive and impulsive behavior, a competency finding has the "modest aim" of ensuring that the defendant has "the capacity to understand the proceedings and to assist counsel." *Godinez v. Moran*, 509 U.S. 389, 402 (1993). And contrary to Pantchev's assertions, the district court considered his in-court behavior when it concluded he was competent to stand trial by expressly stating that it "relied on its own observations of the defendant's demeanor and behavior," and by noting that Pantchev "displayed a factual and rational understanding of the proceedings and charges and, in fact has told the Court on several occasions what his defenses will be." The district court was uniquely

2

situated to assess Pantchev's behavior. *See Anderson v. Bessemer City*, 470 U.S. 564, 575 (1985) (clear error review requires "even greater deference" for credibility findings because the trial court had the opportunity to observe "variations in demeanor and tone"). And district courts may conclude that a defendant's erratic behavior "makes him a nuisance, not incompetent." *United States v. Telles*, 18 F.4th 290, 301 (9th Cir. 2021) (simplified). We therefore reject Pantchev's contention that the district court failed to consider his behavior during proceedings and hold that the district court didn't clearly err when it concluded that Pantchev was competent despite his behavior.

Pantchev also challenges the district court's reliance on two expert reports that concluded he was competent to stand trial. Pantchev argues: (1) the district court and Bureau of Prisons psychologist, Dr. T.K. Smith, failed to consider the effect posttraumatic stress disorder (PTSD) and traumatic brain injury (TBI) might have had on his behavior; and (2) the report prepared by Dr. Saul Faerstein failed to "explain why [ Pantchev] would not reasonably interact with his attorneys," making the district court's reliance on the report inappropriate.

The district court did not clearly err by relying on Dr. Smith's report. As the district court stated on the record, Dr. Smith considered the fact that Pantchev "may have a TBI . . . or PTSD" but still concluded there was "no objective evidence the signs and symptoms would impair his present ability to understand the nature and

consequences of the Court proceedings against him or his ability to assist counsel in his defense." The district court made a point of describing Dr. Smith's discussion of Pantchev's history TBI and PTSD. And as the district court further explained, Dr. Smith concluded that Pantchev's behavior "appear[ed] calculated and goal directed" and "motivated by a desired outcome." Dr. Smith was also subject to a lengthy cross-examination. The district court, and Dr. Smith, therefore properly evaluated the effect TBI or PTSD could have had on his behavior.

As for Pantchev's argument the district court shouldn't have relied on Dr. Faerstein's expert report because it didn't establish *why* Pantchev behaved the way he did, that contention rings hollow. Pantchev refused to be evaluated by either Dr. Faerstein or Dr. Smith. But both experts made clear that Pantchev's refusal to participate did not impede their ability to determine his competency. A defendant's refusal to participate in a competency evaluation is not a basis for challenging the validity of the determination. *See Telles*, 18 F.4th at 301–02 (concluding that a defendant's refusal to cooperate during a competency evaluation undermines his own ability to show incompetence). We discern no clear error here.

Pantchev contends the district court's competency finding is undermined by its later statement that "it's obvious [Pantchev] can't control himself and he interrupts." The district court made this statement after it ordered Pantchev removed from a hearing he was disrupting. A defendant's bad behavior or repeated disruption

4

of proceedings does not, in and of itself, make him incompetent. *Id.* at 301 ("Such behavior does nothing to demonstrate [the defendant's] inability to understand the proceedings or assist in his defense . . . . It makes him a nuisance not, incompetent." (simplified)). Sufficient evidence in the record supports the district court's conclusion that Pantchev was competent to stand trial. The district court did not clearly err in reaching that conclusion.

**AFFIRMED.**